(52 Misc. Rep. 243)

### MILLS v. NASSAU BANK.

(Supreme Court, Trial Term, New York County. December. 1906.)

BANKS AND BANKING—DEPOSITS—MISAPPROPRIATION BY DEPOSITOR.

Where an attorney of an executrix deposits with a bank a check payable to the order of the executrix, and indorsed by him with her name, under authority conferred on him, and it collects the check and passes the proceeds to the credit of the attorney, it is not responsible to the executrix for the proper application of the money, and, where the attorney uses it for his own purposes, the executrix cannot recover from the bank.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, §§ 316–318.]

Action by Mary Mills, executrix, against the Nassau Bank to recover proceeds of check. Judgment for defendant.

M. J. McKenna, for plaintiff.
Duer, Strong & Whitehead, for defendant.

BLANCHARD, J. There was owing to plaintiff's testator a debt of $2,201.86 by the Mohican Company, and after his death the check was received from the Mohican Company, payable to the order of the testator. The plaintiff, as executrix, had executed a power of attor-

ney, which appointed one Wallace her lawful attorney to demand and receive all sums and debts owing to the estate, with full power to indorse on the back of the checks which he might receive the words, "Mary Mills, Executrix, by Ernest H. Wallace, Atty." Accordingly, Wallace indorsed the check above mentioned with the name of the testator, and also the words "Mary Mills, Executrix, by Ernest H. Wallace, Atty.," and below this he wrote his own name and deposited the check with the defendant, which collected it and applied it to Wallace's individual account, and subsequently paid out the same upon checks drawn by Wallace. The present action is brought by the plaintiff as executrix to recover the proceeds of the check from the defendant.

The power of attorney was sufficient to authorize any debtor of the estate to pay over to Wallace the amount of his debt in cash in satisfaction of his debt. Similarly, it authorized Wallace, if he so desired, to employ the usual agency of the bank to collect the claim, and thereafter to receive the cash from the bank. It cannot be contended that anything different has been done in the present case, where the bank, instead of physically delivering the cash to Wallace, has credited him with the amount upon its books. So long as the bank delivers to Wallace the cash, or holds itself ready to deliver the cash upon order at any time, without asserting any set-off against the indebtedness by reason of extraneous transactions, it has performed its duty. The application which Wallace made of the funds thus placed to his credit can no more be the responsibility of the bank than can the disposition of the cash which Wallace might have received in case he had exercised his legal right under the power of attorney and received the proceeds of the check in money. Sims v. United States Trust Co., 103 N. Y. 472, 9 N. E. 605, which is relied upon by the learned attorney for the plaintiff, is plainly distinguishable from the case at bar. In that case the bank was the payee of the check, and in taking it for deposit became answerable to the drawer of it. In the case at bar the defendant was merely the conduit through which the check was collected.

Accordingly, judgment must be rendered for the defendant.

Judgment accordingly.